UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George K. Mack,                        Case No. 3:19-cv-516

        Plaintiff

      v.                                      ORDER OF REMAND

Cary Williams, *et al.*,

        Defendants

*Pro se* plaintiff George K. Mack filed his Complaint in this action on February 5, 2019, in the Wood County Court of Common Pleas. (Doc. No. 1-1.) He labeled his Complaint as one for "Negligence." (*Id.*) On March 4, 2019, the plaintiff filed an Amended Complaint in the state-court case labeled as one for "Negligence & Breach of Contract." (Doc. No. 1-8.)

The defendants removed the plaintiff's action to federal court on March 7, 2019, asserting that the plaintiff's "action is predicated on alleged violations of Plaintiff's rights guaranteed by the United States Constitution and is brought pursuant to 42 U.S.C. § 1983." (Doc. No. 1 at 1.) Defendants thereafter filed various answers in this court to the plaintiff's original Complaint (Doc. No. 3), and to his Amended Complaint (Doc. Nos. 6, 9). Neither the plaintiff's Complaint nor his Amended Complaint references § 1983, although they both allege that the "defendant is negligent for not providing [an] adequate Law Library" and "for not providing adequate Administrative Rules" in violation of "plaintiff's constitutional rights under [the] Ohio and United States Constitution." (Doc. Nos. 1-1 and 1-8 at ¶¶ 1, 2.)

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

1

where such action is pending." District courts have original jurisdiction over civil actions that arise under federal law, or that involve parties of diverse citizenship where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331; 1332(a). A defendant seeking to remove an action to federal court bears the burden of demonstrating that the district court has original jurisdiction, and the "'removal statute should be strictly construed and all doubts resolved in favor of remand.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

This action will be remanded to state court for lack of subject-matter jurisdiction as I do not find that the defendants have satisfied their burden of demonstrating federal-question jurisdiction.

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Since Plaintiffs are 'the master of [the] complaint,' the fact that claim could be stated under federal law does not prevent them from stating it under state law only." *Buchholz v. Baldwin Wallace University*, No. 1: 12 CV 3119, 2013 WL 1088570, at * 4 (N.D. Ohio Mar. 14, 2013) (quoting *Eastman*, 438 F.3d at 550)).

Although federal-question jurisdiction may be proper if a well-pleaded complaint establishes that a right to relief under state law requires resolution of a substantial federal question, this is not the case where a plaintiff merely references a federal law in his complaint as a basis for establishing a negligence theory of liability. *See, e.g., Praschak v. Kmart Corporation*, 922 F. Supp.2d 710 (N.D. Ill. 2013) (remanding removed case and holding that federal question jurisdiction did not exist where the plaintiff's complaint alleged a theory of negligence based on the defendant's failure to comply with provisions of the Americans with Disabilities Act).

Here, although the plaintiff references the United States Constitution in his state-court pleadings, his pleadings on their face do not purport to allege federal claims for relief under § 1983. Rather, the plaintiff alleges only state-law claims referencing the Ohio and United States Constitutions apparently as a basis for establishing his theory of negligence.

**Conclusion**

Accordingly, I find the defendants have not demonstrated that I have federal-question jurisdiction in this case, and I am hereby remanding the case to the Wood County Court of Common Pleas. *See* 28 U.S.C. §1447(c) ("If at any time it appears that the district court lacks subject matter jurisdiction, the court is required to remand the case to state court"); *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996).

So Ordered.

                                                         s/ Jeffrey J. Helmick
                                                         United States District Judge